■ FRANK H. O'CONNELL, Respondent, v. EDWARD KORB, Appellant.— Order affirmed, with $50 costs and disbursements to the appellant against the respondent. Memorandum: We do not condone the laxity and lack of diligence of plaintiff's attorneys in not following the normal procedures which defendants and the court were entitled to expect. The explanation offered in excuse, that the plaintiff would be harmed by an enforcement of the preclusion order and that no prejudice has been shown by the defendant, is an old, well-worn story, indulged in by certain attorneys to excuse their own delays and failures. We do not retreat from the position that we took in *Goldstein* v. *Wickett* (3 A D 2d 135) but it is our considered opinion that this case stands upon its own facts and we cannot say that the discretion of the Special Term Justice was improvidently exercised. All concur, except Vaughan and Bastow, JJ., who dissent and vote for reversal and denial of the motion in the following memorandum: In the recent case of *Goldstein* v. *Wickett* (*supra*) this court announced that it would no longer countenance inexcusable delay in the service of bills of particulars. The instant case is typical of the delay so recently condemned. The action was commenced on September 14, 1955 by the service of a summons and complaint. On September 22, 1955, defendant answered and demanded a bill of particulars. Plaintiff ignored the demand and on October 12, 1955, defendant moved for an order of preclusion. Upon the return day of said motion plaintiff defaulted in appearance and a 10-day order of preclusion dated November 23, 1955 followed. On December 16, 1955, defendant's attorneys wrote to plaintiff's attorneys urging service of the bill of particulars. This letter was ignored. Again on June 13, 1956 a further letter to the same effect was sent to plaintiff's attorneys. This was followed by a personal conversation on July 2, 1956 concerning the service of the long overdue bill of particulars. Sometime during the last week of September, 1956, a bill of particulars was finally served and properly and promptly returned. On October 14, plaintiff moved for an order opening the preclusion order. It is from the order granting the motion that defendant appeals. In the face of such inexcusable delay and indifference we see no reason to retreat from the position heretofore taken in *Goldstein* v. *Wickett* (*supra*). (Appeal from an

order of Onondaga Special Term granting plaintiff's motion to vacate an order of preclusion.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.