■ SYLVIA STRYKER, Respondent, v RICHARD A. STRYKER, Appellant.— In a proceeding pursuant to article 4 of the Family Court Act, the defendant appeals from an order of the Family Court, Nassau County (as corrected), dated April 11, 1977, which, *inter alia,* awarded child support and alimony in the total amount of $110 per week. Order modified, on the facts, by reducing the award for alimony and child support to $85 per week. As so modified,. order affirmed, without costs or disbursements. In our opinion the award was excessive to the extent indicated herein. Martuscello, J. P., Titone, Shapiro and O'Connor, JJ., concur.

■ REGINALD N. SZCZEPANSKI et al., Respondents, v SECURITY MUTUAL FIRE INSURANCE CO. OF NEW YORK et al., Appellants.—In an action to recover the proceeds of certain insurance policies issued by the defendants to the plaintiffs, the appeal is from an order of the Supreme Court, Nassau County, dated May 16, 1978, which granted the plaintiffs' motion to strike the defendants' answer for failure to comply with a previous order of the same court. Order reversed, without costs or disbursements, and plaintiffs' motion denied on condition that defendants' attorney, Whitman & Ransom, personally pay $250 to plaintiffs within 20 days after entry of the order to be made hereon; in the event that such condition is not complied with, order affirmed, with $50 costs and disbursements. The record does not suggest that the conduct of defendants or their counsel was willful or contumacious. Therefore, it was an improvident exercise of discretion to employ the drastic remedy of striking the defendants' answer (see *Balsam v Nicolosi Bldg. Co.,* 36 AD2d 533). However, a penalty is imposed because of the failure to timely respond to the plaintiffs' interrogatories. Hopkins, J. P., Suozzi, Rabin and Shapiro, JJ., concur.