■ MARIA ORTIZ, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants.—In a medical malpractice action, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated December 6, 1978, as (1) directed the defendants to comply with a prior disclosure order of the same court, dated July 27, 1978, (2) deemed the plaintiff's application to strike defendants' answer "granted without further notice" in the event the defendants fail to comply with the disclosure order, and (3) directed the defendants to appear at Special Term on a date certain for discovery. Order modified by (1) adding to the second decretal paragraph thereof, immediately after the word

"contained", the following: "or to submit affidavits explaining in detail the reasons they cannot so comply", and (2) deleting the third and fourth decretal paragraphs thereof. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Discovery shall proceed at the place designated in the order under review at a time to be fixed in a written notice of not less than 10 days, to be given by the plaintiff, or at such other time and place as the parties may agree. Striking a pleading for failure to comply with an order of disclosure is a severe penalty. It is warranted only when the failure to comply has been willful or contumacious *(Szczepanski v Security Mut. Fire Ins. Co. of N. Y.,* 66 AD2d 818; *Balsam v Nicolosi Bldg. Co.,* 36 AD2d 533; *Cinelli v Radcliffe,* 35 AD2d 829). In this case, Special Term has prospectively deemed the defendants' answer stricken without further notice in the event that the defendants fail to comply with a disclosure order within 60 days of service. Since it is impossible to establish in the present that a future default will be willful or contumacious, Special Term erred in striking the answer prospectively. Hopkins, J. P., O'Connor, Lazer and Margett, JJ., concur.