■ Microwave/Systems, Inc., Appellant, v Robert L. McLaughlin et al., Defendants, and Carl F. Fahrenkrug et al., Respondents.—Order unanimously reversed, with costs to respondents, and motion granted in

accordance with the following memorandum: The order denying plaintiff's motion to vacate the unconditional order of preclusion is reversed in the exercise of discretion upon condition that plaintiff comply with the demand within 90 days during which it may complete whatever discovery is necessary. The action was commenced in December, 1977 by service of a summons and a detailed 24-page verified complaint alleging various torts and acts of misfeasance including corporate looting, fraud, breach of duties as corporate directors and officers, and defamation on the part of defendants. On December 21, 1977 defendants answered and served a demand for a bill of particulars requesting 48 separate items of information. Although the demand included items which plaintiff could not answer without pretrial discovery, which it had not yet had time to obtain, and plaintiff might have moved against the demand as unnecessary in some respects and excessive, plaintiff did not do so. Instead on January 5, 1978 it served a bill of particulars, answering only some of the items. On January 16, 1978 defendants moved for an order of preclusion. In opposing the motion, plaintiff contended that the bill of particulars was sufficient. The motion was heard in February, 1978. Special Term did not decide it until July 31, 1978 when it granted the preclusion order without striking or modifying any of the demands, without giving plaintiffs any time in which to comply, and without making any provision for a further bill of particulars. Consequently, when plaintiff was advised by receipt of the preclusion order that Special Term had held that its bill of particulars was insufficient and that it should have furnished additional information with respect to several items, it was not given a chance to do so and it found itself unconditionally precluded from offering proof as to those items. Under these circumstances it was an abuse of discretion to make such unconditional order (see *Barone v Gangi*, 34 AD2d 889; Siegel, New York Practice, § 241, p 296; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3042:12). Although there was concededly no formal order pertaining to discovery or a further bill of particulars, defendants contend that Special Term's purpose in delaying its decision for five months was to allow plaintiff time to comply with the alleged oral order of Special Term to plaintiff to furnish a further bill of particulars after completion of discovery. The preclusion order was granted, it is claimed, because of plaintiff's default in failing to comply with such oral direction. There is no claim that a specific date for compliance was given or that plaintiff was given any notice or warning of the impending order. Special Term apparently treated the matter as a default by plaintiff solely because of what it considered undue delay in carrying out its oral order and granted the preclusion order unconditionally. Accordingly, we treat plaintiff's application as a motion to be relieved from its default (CPLR 5015, subd [a], par 1; 9 Carmody-Wait 2d, NY Prac, § 63:179; and see *Haber v Forbidussi*, 8 AD2d 820; *O'Connell v Korb*, 3 AD2d 978; *Gigliotti v Morasco*, 2 AD2d 653). Under the unusual circumstances presented, including the understandable confusion engendered by the unorthodox procedures followed, and upon a sufficient showing of merit, we grant the motion in the interest of justice. (Appeal from order of Onondaga Supreme Court—preclusion.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.