■ RICHARD J. BROTHERS et al., Respondents, v RHODA D. SCOTT, Appellant. — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Striking pleadings for failure to comply with an order directing submission to an examination before trial is a severe penalty which should be imposed only when failure to comply has been willful or contumacious. Since it is impossible to determine whether defendant's possible failure to comply with the order will be willful, Special Term erred in striking the answer and counterclaim prospectively (see *Ortiz v New York City Health & Hosps. Corp.*, 72 AD2d 741). The order should be modified by striking therefrom the second decretal paragraph. (Appeal from order of Cayuga Supreme Court — examination before trial.) Present — Dillon, P.J., Cardamone, Doerr, Denman and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FELDER, Appellant. — Judgment unanimously affirmed. *(People v Bogatin,* 48 AD2d 674, cert den 425 US 912.) (Appeal from judgment of Monroe Supreme Court — rape, first degree.) Present — Simons, J.P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ JAMES C., an Infant, by His Mother and Natural Guardian, ROBERTA C., Appellant, v RICHARD SCUTT, Individually and as Principal of Wellsville High School, et al., Respondents. — Order unanimously affirmed, without costs. Motion to strike exhibit granted. (Appeal from order of Allegany Supreme Court — dismiss causes of action.) Present — Simons, J.P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ DOUGLAS J. LINDSAY, Respondent-Appellant, v CHRISTINE A. LINDSAY, Appellant-Respondent. — Judgment unanimously affirmed, without costs. Memorandum: We do not regard that portion of the judgment which provides "and in any other case the marital residence shall be sold" as establishing an unspecified occurrence which would pre-empt or supersede any of the specific events earlier set forth in the judgment defining conditions which would terminate the grant of exclusive use and occupancy of the marital residence to defendant. (Appeal from judgment of Monroe Supreme Court — separation.) Present — Simons, J.P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.