■ ROGER SCOTT, Doing Business as SCOTT, SARDANO & POMERANZ, Appellant, v LAWYERS CO-OPERATIVE PUBLISHING Co., Respondent. — Order unanimously modified and, as modified, affirmed, with costs to defendant, in accordance with the following memorandum: On April 13, 1983 defendant demanded a bill of particulars concerning plaintiff's claim against it for breach of contract. When a bill was not forthcoming and, when plaintiff further failed to respond to a letter requesting its service, defendant moved on August 18, 1983 for an order precluding plaintiff from offering testimony about the contract. By affidavit, plaintiff objected to the preclusion motion solely on the ground that Cayuga County was an improper county for the motion to be heard since the action was commenced and triable in Onondaga County where a motion term was available on the return date (*Cordero v Grant*, 95 Misc 2d 153). Special Term, unpersuaded by plaintiff's argument, granted defendant's preclusion motion unconditionally. ¶ While Special Term correctly held that venue is proper in any county adjoining the county where the action is triable (CPLR 2212, subd [a]), it abused its discretion in granting defendant's preclusion unconditionally (*Barone v Gangi*, 34 AD2d 889). Absent willful, deliberate and contumacious conduct, the accepted remedy for a party's failure to serve

timely a bill of particulars is to grant a preclusion motion conditionally (*Barone v Gangi, supra;* see, also, *Microwave/Systems v McLaughlin,* 73 AD2d 803; *Moschetti v Arnot-Ogden Mem. Hosp.,* 69 AD2d 963; Siegel, NY Prac, § 241, p 296; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3042.12; cf., also, *Brothers v Scott,* 81 AD2d 753) and, where appropriate, assess costs (*Microwave/Systems v McLaughlin, supra;* Siegel, NY Prac, *op. cit.*). The order should be modified so as to grant the motion to preclude unless the plaintiff shall serve a bill of particulars within 20 days after the service upon him of the order of this court. (Appeal from order of Supreme Court, Onondaga County, Contiguglia, J. — preclusion.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Moule, JJ.