■ INTERBORO GENERAL HOSPITAL, as Assignee of CELIN CORREA et al., Respondent, v ALLCITY INSURANCE COMPANY, Appellant.—In an action pursuant to Insurance Law § 5106 by a hospital as the assignee of certain patients to recover unpaid benefits due under the no-fault provisions of the Insurance Law, the defendant insurer appeals, (1) as limited by its brief from so much of an order of the Supreme Court, Nassau County (Balletta, J.), dated July 6, 1987, as granted the plaintiff's motion for summary judgment, dismissed as moot the defendant's motion for summary judgment, and (2) from a judgment of the same court, entered November 18, 1987, which is in favor of the plaintiff and against the defendant in the sum of $31,979.08.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order insofar as reviewed is vacated, the plaintiff's motion is denied and the defendant's motion is granted with respect to the causes of action numbered first through sixth and eighth and is otherwise denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff is an assignee of the rights of eight patients to receive no-fault benefits under the defendant's automobile insurance policies. In filing the requisite proof of claim, the plaintiff submitted eight hospital facility forms. According to the plaintiff, it received late payment on two of the eight claims. The record indicates that a third claim was also paid late. Eventually, the plaintiff sued to recover the six allegedly unpaid bills, as well as statutory interest and attorney's fees on all eight allegedly overdue claims. The plaintiff was

granted summary judgment on the first eight causes of action in its complaint. (A ninth cause of action, which sought punitive damages was dismissed.) Each of these eight causes of action pertained to a separate insurance claim.

We find that summary judgment in the plaintiff's favor on these eight causes of action should not have been granted. The submission of hospital facility forms for no fault benefits is governed by 11 NYCRR 65.15 (d) (6). It provides as follows: "In lieu of a prescribed application for motor vehicle no-fault benefits submitted by an applicant and a verification of hospital treatment (NYS Form N-F 4), an insurer shall accept *a completed hospital facility form* (NYS Form N-F 5) (or an N-F 5 and Uniform Billing Form [UBF-1] *which together supply all the information requested by the N-F 5)* submitted by a provider of health services with respect to the claim of such provider" (emphasis supplied).

A complete proof of claim is a prerequisite to entitlement to no-fault benefits, including statutory interest and attorney's fees *(see,* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [f], [g], [h]). In this case, only one of the hospital facility forms submitted by the plaintiff was "completed" as required by the applicable insurance regulation *(see,* 11 NYCRR 65.15 [d] [6]). The seven incomplete forms failed to set forth various items of required information including reasonably obtainable information regarding the description of the accident, whether the treatment was rendered solely as a result of injuries arising out of an automobile accident, as well as the particulars of the injuries and treatment received *(see,* 11 NYCRR 65.15 [b], [c], [d]). Consequently, with respect to those seven causes of action involving incomplete hospital facility forms (i.e., causes of action numbered first through sixth, and eighth), the plaintiff did not submit proper proof of claim and thereby failed to establish a prima facie case of entitlement to no-fault benefits. On these seven causes of action, summary judgment should be awarded to the defendant.

With respect to the seventh cause of action, in which the plaintiff's insurance claim was supported by a proper proof of claim, i.e., a completed hospital facility form, neither party has established its cause or defense as a matter of law so as to entitle it to summary judgment *(see,* CPLR 3212 [b]). With respect to this cause, there is a triable issue concerning whether or not the defendant's payment of the claim was, in fact, "overdue", which would generally entitle the plaintiff to attorney's fees and statutory interest. The parties have sub-

mitted conflicting proof on this issue, and a resolution must await a trial.

In view of our determination, we need not address the defendant's remaining contentions with respect to the propriety of the award for statutory interest and counsel fees. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.