■ HEMPSTEAD GENERAL HOSPITAL, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE Co., Respondent. [648 NYS2d 348] —In an action to recover unpaid no-fault insurance benefits, the plaintiff appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated December 6, 1995, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, as assignee of an insured party, asserted a claim for no-fault benefits from the defendant by the timely submission of a New York Motor Vehicle No-Fault Insurance Law Hospital Facility Form (NYS Form N-F 5) (hereinafter N-F 5). However, the N-F 5 submitted by the plaintiff was insufficient to constitute a proper "proof of claim", a condition precedent to the recovery of no-fault benefits, because it failed to set forth the "full particulars of the nature and extent of the injuries and treatment received and contemplated", as is required by 11 NYCRR 65.11 (m) (3) (see also, Interboro Gen. Hosp. v Allcity Ins. Co. 149 AD2d 569). Indeed, despite timely, written demands by the defendant, for additional verification of the claim, the plaintiff failed to provide the information needed to complete its proof of claim until November 16, 1994, well beyond the relevant 180-day time period provided by statute (see, St. Clare's Hosp. v Allcity Ins. Co., 201 AD2d 718; 11 NYCRR 65.11 [m] [3]; Insurance Law § 5106 [a]). Accordingly, because the defendant timely denied the plaintiff's claim on November 18, 1994 (see, 11 NYCRR 65.15 [g] [2] [iii]), the defendant was properly granted summary judgment dismissing the complaint. Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.