■ SHIRLEY WEEKES, Appellant, v GUS KARAYIANAKIS et al., Respondent. [758 NYS2d 117] —In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated November 8, 2001, which denied her motion to vacate so much of an order of the same court, dated August 17, 2000, as granted the defendants' cross motion for summary judgment upon her failure to submit papers in opposition to the motion.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, the plaintiff's motion is granted, the order dated August 17, 2000, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the defendants' cross motion for summary judgment.

A party seeking to vacate a default is required to demonstrate both a reasonable excuse for the default and a meritorious cause of action or defense (*see* CPLR 5015 [a] [1]; *cf. Rosado*

*v Economy El. Co.,* 236 AD2d 598 [1997]). It is within the discretion of the Supreme Court, in the interest of justice, to excuse default resulting from law office failure (*see* CPLR 2005; *Miles v Blue Label Trucking,* 232 AD2d 382 [1996]). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in rejecting the plaintiff's excuse of law office failure. The plaintiff's counsel appears to have been inadvertently misled by information he was given by an attorney he had hired on a per diem basis concerning the adjournment of the defendant's cross motion for summary judgment. The plaintiff's failure to submit papers in opposition to the defendant's cross motion for summary judgment was neither willful nor deliberate (*see Reyes v Ross,* 289 AD2d 554 [2001]; *Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler,* 271 AD2d 576 [2000]; *cf. Wechsler v First Unum Life Ins. Co.,* 295 AD2d 340 [2002]; *Flomenhaft v Baron,* 281 AD2d 389 [2001]). Moreover, the plaintiff demonstrated a meritorious cause of action. Thus, the plaintiff's motion to vacate her default should have been granted. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.