■ FENTIN & GOLDMAN, Respondent, v NORIKO ITO, Appellant. [767 NYS2d 865]—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered June 21, 2002, which denied her motion to vacate a judgment of the same court dated April 18, 2002, which, upon her default in appearing for a preliminary conference, is in favor of the plaintiff and against her in the principal sum of $3,667, and for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to vacate the judgment and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

It is well settled that a defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (see CPLR 5015 [a] [1]; *Kolajo v City of New York,* 248 AD2d 512 [1998]; *Roussodimou v Zafiriadis,* 238 AD2d 568 [1997]; *Fennell v Mason,* 204 AD2d 599 [1994]). The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to vacate her default, since the defendant established the existence of a meritorious defense and a reasonable excuse for her default in appearing at a preliminary conference.

The defendant's contention that she was entitled to summary judgment dismissing the complaint is without merit (see CPLR 3212 [b]). Florio, J.P., Friedmann, H. Miller and Mastro, JJ., concur.