■ HOSPITAL FOR JOINT DISEASES, as Assignee of EFRAIN SANTIAGO, et al., Appellants, v ELRAC, INC., Doing Business as ENTERPRISE RENT A CAR, Respondent. [783 NYS2d 612]—

In an action to recover unpaid no-fault benefits, the plaintiffs Hospital for Joint Diseases, as assignee of Efrain Santiago, Wyckoff Heights Medical Center, as assignee of Elisaveta Nichitean, and New York and Presbyterian Hospital, as assignee of Douglas Tuchman, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated January 6, 2004, as granted that branch of the

defendant's motion which was to vacate a judgment of the same court entered August 1, 2003, upon its default in answering, which was in favor of the plaintiffs Hospital for Joint Diseases, as assignee of Efrain Santiago, and New York and Presbyterian Hospital, as assignee of Douglas Tuchman, and as granted that branch of the defendant's motion which was for summary judgment dismissing the third cause of action.

Ordered that the appeal by the plaintiff Wyckoff Heights Medical Center, as assignee of Elisaveta Nichitean, is dismissed, as that plaintiff is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the appeal by the plaintiff Hospital for Joint Diseases, as assignee of Efrain Santiago, is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs to the defendant payable by the plaintiff New York and Presbyterian Hospital, as assignee of Douglas Tuchman.

The Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to vacate the judgment in favor of the plaintiffs Hospital for Joint Diseases, as assignee of Efrain Santiago, and New York and Presbyterian Hospital, as assignee of Douglas Tuchman (hereinafter NY & P Hospital), entered upon its default. The defendant established a reasonable excuse for the default attributable to law office failure by submitting an affirmation from the offending attorney with a detailed explanation of his oversights. There was nothing willful or deliberate about the default (see Weekes v Karayianakis, 304 AD2d 561 [2003]). Moreover, the defendant acted promptly to cure its default and there was no delay or prejudice to the plaintiffs (see Matter of Statewide Ins. Co. v Bradham, 301 AD2d 606 [2003]; cf. Westchester Med. Ctr. v ELRAC, Inc., 301 AD2d 518 [2003]; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553 [2001]; Eretz Funding v Shalosh Assoc., 266 AD2d 184 [1999]).

The Supreme Court also correctly determined that the defendant established a meritorious defense to the third cause of action. We expressly reject the argument of NY & P Hospital that the affidavit of a claims representative based on records maintained by an insurer in the ordinary course of business did not constitute admissible evidence sufficient to establish a valid defense (see DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146 [2003]; First Interstate Credit Alliance v Sokol, 179 AD2d 583, 584 [1992]). Personal knowledge of such documents, their history, or specific content are not necessarily required of a document custodian (see DeLeon v Port Auth. of N.Y. & N.J., supra).

As to the merits of the defense, NY & P Hospital sent an N-F 5 claim form to the defendant on or about April 5, 2002. The defendant received the form on April 8, 2002, deemed the claim incomplete, and timely demanded verification of the claim by letter also dated April 8, 2002. This verification demand was sufficient to extend the statutory 30-day pay period until such time as the requested verification was received (*see* 11 NYCRR 65.15 [g] [1] [i]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553 [1999]). When the requested verification was not received, the defendant made follow-up requests, all of which were ignored. Since the demanded verification was not provided, the defendant was not obligated to pay or deny the claim (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568 [2004]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., supra*). The defendant denied the claim on October 9, 2002, more than 180 days after NY & P Hospital first notified it of the claim. Under these circumstances, the claim was properly denied (*see Hempstead Gen. Hosp. v New York Cent. Mut. Fire Ins. Co.*, 232 AD2d 454 [1996]). Thus, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the third cause of action.

In light of the settlement of the first cause of action during the pendency of this appeal, we dismiss as academic the appeal by the plaintiff Hospital for Joint Diseases, as assignee of Efrain Santiago. Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.