■ BRUNO WELLS et al., Appellants-Respondents, v 109 SOUTH 8TH, LLC, Respondent-Appellant, et al., Defendant. [793 NYS2d 185]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated October 9, 2003, as granted that branch of the motion of the defendant 109 South 8th, LLC, which was to vacate a judgment of the same court entered October 25, 2002, upon its default in appearing, and the defendant 109 South 8th, LLC, cross-appeals from stated portions of the same order.

Ordered that the order is affirmed insofar as appealed from, without cost or disbursements; and it is further,

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [c]).

The injured plaintiff allegedly sustained physical injuries in a construction accident on premises owned by the defendant 109 South 8th, LLC (hereinafter the owner). The owner failed to appear on a motion and a default judgment was entered in the plaintiffs' favor.

A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138 [1986]; *Dominguez v Carioscia*, 1 AD3d 396 [2003]). Here, the Supreme Court providently exercised its discretion in granting that branch of the owner's motion which was to vacate its default. The owner established that its default was not willful but rather was due to reasonable law office failure on the part of the owner's former counsel (*see Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432 [2004]; *Weekes v Karayianakis*, 304 AD2d 561 [2003]). We note that the Supreme Court imposed costs in the sum of $10,000 against the owner to offset expenses incurred by the plaintiffs as a result of its default. Furthermore, the owner demonstrated a meritorious defense (*see Fentin & Goldman v Ito*, 2 AD3d 397 [2003]). Accordingly, the Supreme Court properly granted that branch of the owner's motion which was to vacate the judgment entered upon its default in appearing. Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.