■ New York and Presbyterian Hospital, as Assignee of Jorge Peralta, et al., Appellants, v Eagle Insurance Company, Respondent. [794 NYS2d 91]—

In an action to recover no-fault medical payments under insurance contracts, the plaintiffs, New York and Presbyterian Hospital, as assignee of Jorge Peralta, New York Hospital Medical Center of Queens, as assignee of Christopher O'Neill, Mary Immaculate Hospital, as assignee of Racheal Castro, and Nyack Hospital, as assignee of Lourdes Veras, appeal from so much of an order of the Supreme Court, Nassau County (Joseph, J.), entered August 5, 2004, as denied the branch of their motion which was for summary judgment on the first cause of action and granted that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action.

Ordered that the appeal by the plaintiffs New York Hospital Medical Center of Queens, as assignee of Christopher O'Neill, Mary Immaculate Hospital, as assignee of Racheal Castro, and Nyack Hospital, as assignee of Lourdes Veras is dismissed, as those plaintiffs are not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was for summary judgment on the first cause of action is granted and that branch of the cross motion which was for summary judgment dismissing the first cause of action is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff New York and Presbyterian Hospital, as assignee of Jorge Peralta.

The Supreme Court erred in granting the defendant summary judgment dismissing the first cause of action based upon the fact that the verification of the claim for no-fault medical payments (pursuant to a timely assertion of the claim and, in response, a timely request by the defendant for verification) was provided long after the 180-day period within which written proof of claim must be submitted (see 11 NYCRR 65.12), specifically, more than one year after original submission of the claim to the defendant. Despite this undisputed delay by the plaintiff New York and Presbyterian Hospital (hereinafter the

hospital), the defendant, upon its receipt of the requested verification in June 2003, failed to either pay or deny the claim as required by 11 NYCRR 65.15 (g) (2) (iii). The defendant is precluded from asserting the defense of the hospital's untimeliness in this action pursuant to Insurance Law § 5106 (a) (*see New York & Presbyt. Hosp. v Empire Ins. Co.*, 286 AD2d 322 [2001]; *Presbyterian Hosp. in City of N.Y. v Atlanta Cas. Co.*, 210 AD2d 210 [1994]; *St. Clare's Hosp. v Allcity Ins. Co.*, 201 AD2d 718 [1994]; cf. *Hempstead Gen. Hosp. v New York Cent. Mut. Fire Ins. Co.*, 232 AD2d 454 [1996]). In reaching this conclusion, we observe that the defendant's requests for verification, sent by mail on April 15, 2002, and May 20, 2002, did not demand or require a response within any identified number of days. Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.