65 NORTH 8 STREET HDFC, Appellant, v SILVERIO SUAREZ et al., Respondents. [795 NYS2d 724]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated May 12, 2004, as denied its motion to hold the defendants in contempt for failing to comply with a prior order of the court dated December 10, 2003, entered upon their default, compelling certain disclosure, and granted those branches of the defendants' cross motion which were to vacate the order dated December 10, 2003, and, in effect, to award summary judgment to the defendants on their proposed counterclaim by setting aside the election of the plaintiff's corporate officers which allegedly took place in May 2003, and directing the holding of a properly-noticed shareholders' meeting for the purpose of electing new corporate officers.

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted those branches of the defen-

dant's cross motion which were, in effect, to award summary judgment to the defendants on their proposed counterclaim by setting aside the election of the plaintiff's corporate officers which allegedly took place in May 2003, and directing that a properly-noticed shareholders' meeting be held for the purpose of electing new corporate officers and substituting therefor a provision denying those branches of the defendants' cross motion, as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the defendants shall serve their proposed answer within 20 days after service upon them of a copy of this decision and order.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting that branch of the defendants' cross motion which was to vacate the December 10, 2003, order entered upon their default, which directed them to provide certain corporate records to it. A court may vacate a default where the defendant demonstrates both a reasonable excuse for the default and the existence of a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393 [2004]). Under the circumstances of this case, the defendants "established a reasonable excuse for the default attributable to law office failure" (*Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432, 433 [2004]; *see* CPLR 2005). The affirmation of their attorney established that the default was not willful or deliberate. Moreover, the plaintiff suffered no prejudice (*see Weekes v Karayianakis*, 304 AD2d 561 [2003]), and the defendants' proposed verified answer and motion papers set forth allegations sufficient to make out a prima facie showing of a meritorious defense (*see generally Scarlett v McCarthy*, 2 AD3d 623 [2003]). Consequently, since the Supreme Court acted properly in vacating the December 10, 2003, order entered upon the defendants' default, it also correctly denied the plaintiff's motion to hold the defendants in contempt for failing to comply with that order.

However, the court erred by, in effect, granting summary judgment to the defendants on their proposed counterclaim by setting aside the election of the plaintiff's corporate officers which allegedly took place in May 2003, and directing that a properly-noticed shareholder's meeting be held for the purpose of electing new corporate officers. The court acted prematurely in doing so, since the plaintiff had no opportunity to reply to the counterclaim (*see* CPLR 3012 [a]; 3212 [a]; *Chakir v Dime Sav. Bank of N.Y.*, 234 AD2d 577 [1996]). In any event, the defendants failed to establish that the May 2003 election was invalid as a

matter of law, and a resolution of this question must await joinder of issue on the counterclaim and further proceedings in the Supreme Court. Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.