■ JOHN WHITFIELD, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 107985.) [814 NYS2d 185]—

In a claim to recover damages for dental malpractice, the claimant appeals, as limited by his brief, from stated portions of an order of the Court of Claims (Mignano, J.), dated February 28, 2005, which, inter alia, denied that branch of his motion which was pursuant to CPLR 3215 for leave to enter judgment against the defendant upon its failure to serve and file an answer to his amended claim and only conditionally granted that branch of his motion which was pursuant to CPLR 3042 to preclude the defendant from offering evidence at trial regarding matters of which particulars were not given pursuant to written demands unless the defendant served a bill of particulars by a date certain and granted the defendant's cross motion to vacate its default and to compel the claimant to accept service of its answer to the amended claim.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Court of Claims providently exercised its discretion in denying that branch of the claimant's motion which was for leave to enter a judgment against the defendant upon its failure to serve and file an answer to his amended claim and in granting the defendant's cross motion to vacate its default and to compel the claimant to accept service of its answer to the amended claim. A court may vacate a default where the defen-

dant demonstrates both a reasonable excuse for the default and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *65 N. 8 St. HDFC v Suarez,* 18 AD3d 732, 733 [2005]; *Wells v 109 S. 8th, LLC,* 17 AD3d 580, 581 [2005]; *Matter of Macias v Motor Veh. Acc. Indem. Corp.,* 10 AD3d 396, 397 [2004]). The defendant established a reasonable excuse for the default attributable to law office failure (*see* CPLR 2005; *65 N. 8 St. HDFC v Suarez, supra; Wells v 109 S. 8th, LLC, supra; Hospital for Joint Diseases v Elrac, Inc.,* 11 AD3d 432, 433 [2004]). Furthermore, the affirmation of the defendant's attorney established that the default was not willful or deliberate, and there was no evidence of prejudice to the claimant (*see Weekes v Karayianakis,* 304 AD2d 561, 562 [2003]). Moreover, the defendant's proposed answer set forth allegations sufficient to demonstrate the existence of a potentially meritorious defense (*see* CPLR 105 [u]; *65 N. 8 St. HDFC v Suarez, supra; Lichtman v Sears, Roebuck & Co.,* 236 AD2d 373 [1997]; *Richard Kranis, P.C. v European Am. Bank,* 208 AD2d 904, 905 [1994]).

Absent a showing of willful, deliberate, and contumacious conduct on the part of the defendant for its failure to serve a bill of particulars, the Court of Claims providently exercised its discretion in only conditionally granting that branch of the claimant's motion which was to preclude the defendant from offering evidence at trial regarding matters of which particulars were not given pursuant to written demands (*see* CPLR 3042 [d]; *Scott v Lawyers Coop. Publ. Co.,* 101 AD2d 1026 [1984]; *Microwave/Sys. v McLaughlin,* 73 AD2d 803, 804 [1979]; *Barone v Gangi,* 34 AD2d 889 [1970]).

The claimant's remaining contentions are without merit. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.