■ STEVEN BALCUNS et al., Respondents, v CITY OF NEW YORK, Respondent, and TODINO SEWER & WATER SERVICE, INC., Appellant. [888 NYS2d 780]—

In an action to recover damages for personal injuries, etc., the defendant Todino Sewer & Water Service, Inc., appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated June 27, 2008, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiffs-respondents and the defendant-respondent, and the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On the evening of June 12, 2005, the plaintiff Steven Balcuns (hereinafter the plaintiff) sustained personal injuries when he was thrown to the ground after the bicycle he was riding struck a hole in the roadway of 33rd Avenue between Francis Lewis Boulevard and Jordan Street in Queens. The plaintiff and his wife, suing derivatively, commenced this action against the City of New York and Todino Sewer & Water Service, Inc. (hereinafter Todino Sewer), a company which contracted with the City to

repair collapsed and defective sewers in Queens. After issue was joined, Todino Sewer moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In support of the motion, Todino Sewer submitted, inter alia, a transcript of the deposition testimony of its field supervisor, Frank Todino, and an "as-built" drawing, concerning the excavation work which it had performed in 2003 on the block where the plaintiff's accident occurred. Todino explained that an as-built drawing was a document prepared by the certified engineer for Todino Sewer after the completion of excavation work, which depicted exactly where the work was done on the block in question.

The evidence submitted by Todino Sewer was sufficient to establish its entitlement to judgment as a matter of law by demonstrating that the work it performed in 2003 was not in the area of the block where the plaintiff's accident occurred (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Contrary to the plaintiffs' contention, the deposition testimony of Frank Todino constituted evidence in admissible form (*see Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432 [2004]). Accordingly, the Supreme Court erred in denying Todino Sewer's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Santucci, J.P., Chambers, Hall and Roman, JJ., concur.