■ In the Matter of the Estate of SONIA URDANG, Deceased. LYNNE ATLAS-WITTKIN et al., Appellants; ROBERT L. KAUFMAN et al., Respondents. [758 NYS2d 125] —In a probate proceeding to determine the validity of a 1966 letter purporting to affect the rights of beneficiaries to the 1983 last will and testament of Sonia Urdang admitted to probate, the petitioners appeal from a decree of the Surrogate's Court, Kings County (Feinberg, S.), dated June 5, 2002, which, after a trial, determined that the letter constituted a valid and enforceable instrument, and imposed a constructive trust upon the 1983 will, thus granting the counterclaims of the objectants, Robert L. Kaufman, as executor of the estate of Sonia Urdang, Roger Kaufman, Leslie Sue Kaufman Smith, and Jonathan Kaufman.

Ordered that the decree is affirmed, with costs payable by the petitioners personally.

In order to impose a constructive trust, four elements must be present: (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *Matter of Wieczorek,* 186 AD2d 204 [1992]). The Surrogate properly imposed a constructive trust under the circumstances presented here.

Contrary to the appellants' contention, the oral agreement between the decedent and her first husband, Joseph Kaufman, that she would make a provision in her will guaranteeing that the estate would eventually go to their grandchildren, did not violate the statute of frauds, embodied in the statute applicable at the time of the agreement, Personal Property Law former § 31, now General Obligations Law § 5-701 (a). The oral agreement was memorialized in a writing signed by the decedent, as

the party to be charged, and capable of being performed within one year of its making (*see* Personal Property Law former § 31 [1], now General Obligations Law § 5-701 [a] [1]; *D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454 [1984]). There was no requirement that the writing be made contemporaneously with the oral agreement (*see* Personal Property Law former § 31 [1], now General Obligations Law § 5-701 [a]; *Crabtree v Elizabeth Arden Sales Corp.,* 305 NY 48, 54 [1953]; *Papaioannou v Britz,* 285 App Div 596, 600 [1955]).

While a contract to bequeath property or to make a testamentary provision must be in writing (*see* Personal Property Law former § 31 [7], now EPTL 13-2.1 [a] [2]), there is no requirement that the terms of the agreement be embodied in a single writing. Thus, so long as one writing, signed by the party to be charged, establishes the contractual relationship between the parties, the remaining terms of the agreement may be expressed in other writings, either signed or unsigned, which must connect with the signed writing and one another, either expressly or by the internal evidence of subject matter and occasion, and refer to the same transaction (*see Crabtree v Elizabeth Arden Sales Corp., supra* at 54; *see also, Horn & Hardart Co. v Pillsbury Co.,* 888 F2d 8, 11 [1989]).

Here, the 1966 letter from the decedent to Robert Kaufman, her son with Joseph, set forth the basic terms of the agreement between Joseph and the decedent, making specific reference to Joseph's 1960 will and the decedent's 1964 will, both of which set forth the specific terms which embodied the couple's comprehensive estate plan to maintain family control of the family property. Accordingly, the agreement between Joseph and the decedent did not violate the statute of frauds, and it was a proper predicate to support the imposition of a constructive trust.

In light of the undisputed evidence of the authenticity of the decedent's signature on the 1966 letter, deference is accorded to the Surrogate's determination to credit the respondents' version of the circumstances, i.e., that Robert chose to remain as the manager of the family business in consideration for the decedent's promise as set forth in the letter (*see Matter of Liccione v John H.,* 65 NY2d 826, 827 [1985]; *Smith v Comas,* 173 AD2d 535 [1991]). Contrary to the appellants' contention, Robert's choice to forego other professional opportunities in reliance upon the decedent's promise constituted sufficient consideration for purposes of imposing a constructive trust (*see Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 464 [1982]; *Hamer v Sidway,* 124 NY 538, 546 [1891]). Moreover, the decedent's

intention to renounce her future power of testamentary disposition was, contrary to the appellants' contention, clearly and unambiguously delineated in the 1966 letter (*see Rubenstein v Mueller,* 19 NY2d 228, 232 [1967]; *Oursler v Armstrong,* 10 NY2d 385, 389 [1961]; *cf. Matter of Lubins,* 250 AD2d 850, 852 [1998]). Finally, the nature of the relationship between the decedent and her son Robert was both confidential and fiduciary, and there is no question that under the terms of the decedent's 1983 will nonfamily members will be unjustly enriched (*see Sharp v Kosmalski, supra* at 121; *Miller v Schloss,* 218 NY 400, 407 [1916]).

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Feuerstein, J.P., Smith, Cozier and Mastro, JJ., concur.