■ JESSE LENTINI, Appellant, v CONCETTA LENTINI et al., Respondents. [804 NYS2d 355]—In an action, inter alia, in effect, to impose a constructive trust, the plaintiff appeals (1) from an order of the Supreme Court, Orange County (Slobod, J.), dated April 18, 2002, which, upon converting the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (4), (5), and (7) into a motion for summary judgment pursuant to CPLR 3211 (c), granted the motion and denied his cross motion for summary judgment, (2), as limited by his brief, from so much of an order of the same court dated January 30, 2003, as, upon renewal and reargument, adhered to its original determination, and (3) from a judgment of the same court dated January 9, 2004, which dismissed the complaint.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the order dated April 18, 2002, must be dismissed as that order was superseded by the order dated January 30, 2003, made upon renewal and reargument.

The appeal from the order dated January 30, 2003, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment.

Under the circumstances of this case, the Supreme Court properly granted summary judgment to the defendants dismissing the complaint. There is no merit to the plaintiff's contention that the Supreme Court erred in rejecting his contention that he is entitled to the imposition of a constructive trust upon property purchased by the parties' parents and now owned by the defendants pursuant to a will executed by the parties' deceased mother (*see generally Simonds v Simonds,* 45 NY2d 233 [1978]; *cf. Matter of Urdang,* 304 AD2d 586 [2003]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.