■ ROSALIA FRIEDMAN, Respondent, v CRYSTAL BALL GROUP, INC., Appellant. [813 NYS2d 496]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 15, 2005, which denied its motion to vacate a prior order of the same court dated July 22, 2005 granting the plaintiff's motion for a judgment upon its default in appearing or answering the complaint, and for leave to serve a late answer.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, the motion is granted, and the proposed answer is deemed served.

A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138 [1986]; *Dominguez v Carioscia,* 1 AD3d 396 [2003]). Here, the Supreme

Court improvidently exercised its discretion in denying the defendant's motion to vacate its default since the defendant established that the default was not willful, but rather, was due to law office failure on the part of its counsel (*see Hospital for Joint Diseases v ELRAC, Inc.,* 11 AD3d 432 [2004]; *Weekes v Karayianakis,* 304 AD2d 561 [2003]; CPLR 2005). Furthermore, the defendant demonstrated a meritorious defense (*see Fentin & Goldman v Ito,* 2 AD3d 397 [2003]). Accordingly, the Supreme Court should have vacated the defendant's default in appearing and answering the complaint. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.