■ Ronald Valure, Respondent, v Century 21 Grand et al., Appellants. [826 NYS2d 418]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Orange County (McGuirk, J.), dated December 5, 2005, which denied their motion pursuant to CPLR 5015 (a) (1) to vacate a prior order of the same court dated November 4, 2005 granting the plaintiff's unopposed motion for summary judgment, and (2) a judgment of the same court entered December 15, 2005, which, upon the order dated December 5, 2005, is in favor of the plaintiff and against them in the principal sum of $90,067.96.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, the motion is granted, the orders are vacated, the matter is remitted to the Supreme Court, Orange County, for a new determination on the plaintiff's motion for summary judgment; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order dated December 15, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A defendant seeking to vacate a default is required to demonstrate both a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Friedman v Crystal Ball Group, Inc.,* 28 AD3d 514 [2006]). The Supreme Court improvidently exercised its discretion in rejecting the defendants' excuse of law office failure. The reply affirmation of the defendants' attorney was sufficient to establish that the failure to timely submit the papers in opposition to the plaintiff's motion for summary judgment was not willful but due to law office failure (*see* CPLR 2005; *Whitfield v State of New York,* 28 AD3d 541, 542 [2006]; *Hospital for Joint Diseases v ELRAC, Inc.,* 11 AD3d 432, 433 [2004]; *Weekes v Karayianakis,* 304 AD2d 561, 562 [2003]). Furthermore, the defendants demonstrated a meritorious defense. The evidence submitted by the defendants in reply papers is properly considered because the plaintiff had an opportunity to respond and submit papers in surreply (*see Hoffman v Kessler,* 28 AD3d 718, 719 [2006]; *Guarneri v St. John,* 18 AD3d 813, 814 [2005]; *Matter of Hayden v County of Nassau,* 16 AD3d 415, 416 [2005]). Miller, J.P., Krausman, Spolzino, Fisher and Dillon, JJ., concur.