■ CYNTHIA THOMPSON, Appellant, v COUNTY OF SUFFOLK, Respondent, et al., Defendants. [878 NYS2d 181]—

In an action to recover damages for negligence and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated February 26, 2008, as denied that branch of her motion which was for leave to enter judgment against the defendant County of Suffolk on the issue of liability, upon its failure to appear or answer the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate the existence of a meritorious defense to the action to avoid the entry of a default judgment (*see* CPLR 5015 [a] [1];

*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Juseinoski v Board of Educ. of City of N.Y.,* 15 AD3d 353, 355-356 [2005]; *Ennis v Lema,* 305 AD2d 632, 633 [2003]). Here, the affirmation of the attorney representing the defendant County of Suffolk was sufficient to establish that the failure to submit a timely answer was not willful, but rather, was due to law office failure (*see* CPLR 2005; *Valure v Century 21 Grand,* 35 AD3d 591, 592 [2006]; *Whitfield v State of New York,* 28 AD3d 541, 542 [2006]; *Friedman v Crystal Ball Group, Inc.,* 28 AD3d 514, 515 [2006]). Furthermore, the County demonstrated the existence of a meritorious defense. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the County. Rivera, J.P., Dillon, Covello and Eng, JJ., concur.