MEL HOLLANDER, Appellant, v ETHEL S. LIPMAN, as Executor of HARRY LIPMAN, Deceased, Respondent. [885 NYS2d 354]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated September 8, 2004, as granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action to the extent that it is predicated upon an April 1995 oral agreement, granted that branch of the defendant's motion which was for summary judgment dismissing the fourth cause of action, and denied his cross motion for summary judgment on the fourth cause of action. Justice Eng has been substituted for former Justice Krausman (see 22 NYCRR 670.1 [c]).

Ordered that the order is modified by deleting the provisions thereof granting those branches of the defendant's motion which were for summary judgment dismissing the first cause of action to the extent that it is predicated upon an April 1995 oral agreement and dismissing the fourth cause of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

"Under the traditional principles of contract law, the parties to a contract are free to make their bargain, even if the consideration exchanged is grossly unequal or of dubious value" (*Apfel v Prudential-Bache Sec.,* 81 NY2d 470, 475 [1993]; *see Spaulding v Benenati,* 57 NY2d 418 [1982]). Consideration to support an agreement exists where there is "either a benefit to the promisor or a detriment to the promisee" (*Weiner v Mc-Graw-Hill, Inc.,* 57 NY2d 458, 464 [1982]; *see Matter of Urdang,* 304 AD2d 586 [2003]). "It is enough that something is promised, done, forborne or suffered by the party to whom the promise is made as consideration for the promise made to him" (*Hamer v Sidway,* 124 NY 538, 545 [1891]).

Applying these principles here, we find that the Supreme Court erred in concluding, as a matter of law, that the alleged April 1995 oral agreement between the defendant's decedent (hereinafter the decedent) and his late daughter was not supported by consideration because it did not benefit the decedent. The fact that the decedent's daughter agreed to suffer a detriment provided sufficient consideration to support the alleged agreement (*id.; see Weiner v McGraw-Hill, Inc.,* 57 NY2d at 464; *Matter of Urdang,* 304 AD2d at 586).

Furthermore, considering factors including the nature of the alleged agreement and the relation between the parties, we cannot conclude as a matter of law that the agreement was too indefinite to be enforceable (*see Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475 [1989]; *Telecommunications Tech. Corp. v Deutsche Bank,* 235 AD2d 288 [1997]; *Lo Cascio v James V. Aquavella, M.D., P.C.,* 206 AD2d 96 [1994]). We note that, in opposition to the defendant's motion for summary judgment, the plaintiff submitted evidence that the decedent's daughter performed her obligations under the agreement, and that after her performance the decedent gave her a $550,000 check in partial payment of his obligations, which thereafter was dishonored. Although the defendant claims that the dishonored check was a forgery, the plaintiff raised a triable issue of fact as to whether the decedent's signature was genuine by submitting an affidavit from a handwriting expert. Under

these circumstances, the court should not have granted those branches of the defendant's motion which were for summary judgment dismissing the first cause of action to the extent it is predicated upon the alleged April 1995 oral agreement, and the fourth cause of action which seeks recovery on the dishonored check.

However, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the fourth cause of action. There is conflicting evidence as to whether the decedent's signature on the dishonored check was genuine, and the record discloses, inter alia, a triable issue of fact as to whether the decedent was competent to handle his financial affairs at the time the check allegedly was signed and tendered. Skelos, J.P., Florio, Covello and Eng, JJ., concur.