EVANTHIA VALIOTIS, Respondent, v ANTONIOS PSAROUDIS et al., Defendants, and CONSTANTINO PSAROUDIS, Appellant. [— NYS2d —]—

The appellant's deadline for timely answering the plaintiff's complaint was March 31, 2008. Without answering, the appellant filed a bankruptcy petition on August 13, 2008, which had the effect of staying the instant action (*see* 11 USC § 362 [a] [1]). While the stay was pending, the plaintiff moved for, and

obtained, an order entered November 8, 2008, directing the entry of a judgment on default. The appellant's bankruptcy proceeding was dismissed by order dated December 10, 2008.

The Supreme Court erred in denying that branch of the defendants' motion which was to vacate so much of the order entered November 8, 2008, as directed the entry of judgment against the appellant. The order, insofar as it pertained to the appellant, issued when a stay was in effect during the appellant's bankruptcy proceeding, was not merely voidable, but void (*see Rexnord Holdings, Inc. v Bidermann,* 21 F3d 522 [1994]; *In re Best Payphones, Inc.,* 279 BR 92, 97-98 [SD NY 2002]; *Carr v McGriff,* 8 AD3d 420, 423 [2004]). Since the order insofar as it pertained to the appellant was void, the appellant did not have to establish an excusable default or a meritorious defense for its vacatur. In the absence of a further motion by the plaintiff for a default judgment outside the scope of the bankruptcy stay, the Supreme Court's denial of that branch of the defendants' motion which was to vacate so much of the order as directed the entry of judgment against the appellant amounted to, in effect, an improper ratification of that order.

The plaintiff's remaining contentions either are without merit or have been rendered academic. Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.