■ In the Matter of AMERICAN TAX FUNDING, LLC, WELLS FARGO FOOTHILL AS SECURED PARTY, Respondent, v BARBARA A. SAITA et al., Appellants, et al., Defendant. [967 NYS2d 172]—

Stein, J. Appeal from an order of the Supreme Court (Sise, J.), entered February 15, 2012 in Montgomery County, which, among other things, granted plaintiff's motion for summary judgment.

In September 2006, in accord with the Laws of 2006 (ch 505), the City of Amsterdam conveyed to plaintiff its interest in various tax liens, including a 2003 tax lien (hereinafter the subject tax lien) on property owned and/or occupied by defendants Barbara A. Saita, Frederick N. Saita II and Imperial Flowers (hereinafter collectively referred to as defendants). In January 2011, plaintiff notified the City that it intended to foreclose the subject tax lien, among others, and, following the dismissal of Barbara Saita's chapter 13 bankruptcy petition, commenced this foreclosure action. After joinder of issue, plaintiff moved for summary judgment pursuant to CPLR 3212. Supreme Court issued an order that, among other things, granted plaintiff's motion for summary judgment and appointed a referee to compute the amount owed to plaintiff on the subject tax lien. Defendants now appeal and we affirm.

In order to provide the City with a more efficient and effective method of managing its delinquent property taxes, a 2006 legislative enactment authorized the City to enter into contracts with private parties until December 31, 2006 to sell all or a portion of its delinquent tax liens, subject to certain conditions (see L 2006, ch 505, § 1). The legislation further permitted the tax lien purchaser to foreclose such liens in the manner prescribed by RPTL 1194, upon the expiration of the statutory redemption period (see L 2006, ch 505, § 1 [f]; RPTL 1110 [1]). The legislation explicitly provided that it expired and was "deemed repealed" as of December 31, 2008 (see L 2006, ch 505, § 2). However, the Legislature reenacted the provision in August 2008, allowing the City to contract to sell its tax liens through December 31, 2008, and extended the expiration and repeal date to December 31, 2010 (see L 2008, ch 455).

Defendants argue that the sunset provision contained in the legislation extinguished plaintiff's right to foreclose on the subject tax lien (*see* L 2008, ch 455, § 2) and, therefore, this action was untimely. We disagree. In this regard, "[i]t is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature. The starting point is always to look to the language itself and where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (*Pultz v Economakis*, 10 NY3d 542, 547 [2008] [internal quotation marks and citations omitted]). Here, the language of the statute unambiguously creates a right on the part of the City to enter into contracts to sell its tax liens to private parties during a limited time period. Nothing in the plain meaning of that language affects the rights of lien purchasers to commence foreclosure proceedings on their acquired liens or limits the time periods during which they are entitled to do so.

Indeed, in our view, defendants' strained interpretation would lead to an "unreasonable [and] absurd consequence[ ]" (*Matter of County of Albany v Hudson Riv.-Black Riv. Regulating Dist.*, 97 AD3d 61, 69 [2012], *lv denied* 19 NY3d 816 [2012] [internal quotation marks and citations omitted]), because lien purchasers could potentially be faced with a very short window in which to foreclose on a lien, given the required notice and redemption periods to which they are subject. It is likely that the resulting risk to the purchasers of losing the benefit of their liens altogether would have discouraged prospective purchasers and significantly impaired the City's ability to sell its tax liens, in contravention of the very purpose of the legislation.

We also reject defendants' contention that Supreme Court erred in granting summary judgment to plaintiff because a material issue of fact was raised as to whether they were entitled to an offset for a purported tax overpayment to plaintiff with regard to a different property. Even accepting as true defendants' claim of entitlement to an offset, the proper remedy is an order of reference to determine the amounts owed (*see 1855 E. Tremont Corp. v Collado Holdings LLC*, 102 AD3d 567 [2013]), which is precisely what Supreme Court ordered here.

Defendants' remaining contentions have been considered and found to be unavailing.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.