■ Dora Josovich, Respondent, v Michael Ceylan et al., Defendants/Third-Party Plaintiffs-Appellants, et al., Defendants. Michael F. Kelly et al., Third-Party Defendants-Respondents. [19 NYS3d 554]—

In an action to foreclose a mortgage, the defendants/third-party plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated February 14, 2013, as denied that branch of their motion which was for leave to enter a judgment against the third-party defendant Michael F. Kelly upon his failure to appear or answer the third-party complaint, and granted the cross motion of Michael F. Kelly to compel them to accept his late answer; (2) from an order of the same court dated October 31, 2013, which denied their motion to vacate an order dated June 17, 2013, granting the motion of the third-party defendant David Fainkich pursuant to CPLR 3211 (a) to dismiss the third-party complaint insofar as asserted against him; (3), as limited by their brief, from so much of an order of the same court dated February 21, 2014, which denied that branch of their motion which was for leave to renew their opposition to the motion of the third-party defendant David Fainkich pursuant to CPLR 3211 (a) to dismiss the third-party complaint insofar as asserted against him; (4) from an order of the same court dated February 26, 2014, which denied their application to sign an order to show cause; (5) from an order of the same court, also dated February 26, 2014, which denied, without prejudice, the application of David Fainkich to sign an order to show cause; and (6) from an order of the same court dated March 3, 2014, which denied their motion for a mandatory settlement conference pursuant to CPLR 3408 and for leave to amend their amended answer, and granted the plaintiff's cross motion for summary judgment on the complaint and for an order of reference.

Ordered that the appeals from the two orders dated February 26, 2014, are dismissed; and it is further,

Ordered that the orders dated October 31, 2013, and March 3, 2014, respectively, are affirmed; and it is further,

Ordered that the orders dated February 14, 2013, and February 21, 2014, respectively, are affirmed insofar as appealed from, and it is further,

Ordered that one bill of costs is awarded to the respondents.

To avoid the entry of a default judgment, a party must show a reasonable excuse for the default and a potentially meritorious defense (*see U.S. Bank N.A. v Alba*, 130 AD3d 715 [2015]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]; *King v King*, 99 AD3d 672 [2012]). Here, the affirmation of the attorney representing the third-party defendant Michael F. Kelly was sufficient to establish that the failure to submit a timely answer was not willful, but rather, was due to law office failure (*see Thompson v County of Suffolk*, 61 AD3d 962, 963 [2009]; *Valure v Century 21 Grand*, 35 AD3d 591 [2006]; CPLR 2005). Further, Kelly demonstrated a potentially meritorious defense to at least a portion of the third-party action (*see Taylor v Markus*, 224 App Div 865 [1928]; CPLR 105 [u]). Additionally, the defendants/third-party plaintiffs failed to show any prejudice from the short delay in Kelly's service of an answer (*see Arias v First Presbyt. Church in Jamaica*, 97 AD3d 712 [2012]; *Westchester Med. Ctr. v Hartford Cas. Ins. Co.*, 58 AD3d 832 [2009]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendants/third-party plaintiffs' motion which was for leave to enter a default judgment against Kelly, and granting Kelly's cross motion pursuant to CPLR 3012 (d) to compel the defendants third-party plaintiffs to accept his late answer (*see Klein v Yeshiva M'kor Chaim*, 116 AD3d 672 [2014]; *Thompson v County of Suffolk*, 61 AD3d 962 [2009]).

The Supreme Court properly denied the defendants/third-party plaintiffs' motion to vacate an order dated June 17, 2013, made on the ground that the order was violative of the automatic stay occasioned by the filing of a bankruptcy petition by the defendant/third-party plaintiff Michael Ceylan (*see* 11 USC § 362 [a]). An order issued in violation of an automatic bankruptcy stay is void (*see Valiotis v Psaroudis*, 69 AD3d 610 [2010]). Here, however, the order was issued in a third-party action that was commenced by the debtor and not in the main action commenced against him (*see In re Cook*, 520 Fed Appx 697, 704 [10th Cir 2013]; *Koolik v Markowitz*, 40 F3d 567 [2d Cir 1994]; *In re Merrick*, 175 BR 333, 337 [BAP 9th Cir 1994]).

In any event, the Supreme Court stayed the effectiveness of the order pending disposition of Ceylan's bankruptcy petition, and the bankruptcy petition was dismissed on August 27, 2013 (*see Matter of Ceylan*, Bankr ED NY, 2013, Craig, J., 1-13-42999).

The Supreme Court properly denied that branch of the motion of the defendants/third-party plaintiffs which was for leave to renew their opposition to the motion of the third-party defendant David Fainkich to dismiss the third-party complaint insofar as asserted against him. The new facts offered would not change the prior determination (*see* CPLR 2221 [e] [2]; *AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]; *Courtview Owners Corp. v Courtview Holding B.V.*, 113 AD3d 722 [2014]).

The Supreme Court properly denied that branch of the motion of the defendants/third-party plaintiffs which was for a mandatory settlement conference pursuant to CPLR 3408 (a). The subject loan did not qualify as a "home loan" pursuant to RPAPL 1304 (5) (a) because the debt was not incurred primarily for personal, family, or household purposes (*see* RPAPL 1304 [5] [a] [ii]; *Independence Bank v Valentine*, 113 AD3d 62, 66 [2013]).

The Supreme Court providently exercised its discretion in denying that branch of the motion of the defendants/third-party plaintiffs which was for leave to amend their answer (*see* CPLR 3025 [b]; *Bank of Smithtown v 219 Sagg Main, LLC*, 107 AD3d 654 [2013]). The proposed defense of lack of consideration was palpably insufficient (*see Hollander v Lipman*, 65 AD3d 1086 [2009]). Further, the proposed affirmative defenses and counterclaims were palpably insufficient and/or set forth allegations already contained in the answer (*see Marton Assoc. v Vitale*, 172 AD2d 501 [1991]).

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (*see Onewest Bank, FSB v Prince*, 130 AD3d 700 [2015]; *Bayview Loan Servicing, LLC v 254 Church St., LLC*, 129 AD3d 650 [2015]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856 [2009]). In opposition, the defendants/third-party plaintiffs failed to raise a triable issue of fact sufficient to defeat the motion. "Since title to the property had closed and the deed was delivered, 'any claims [they] might have had arising from the contract of sale were extinguished by the doctrine of merger unless there was a clear intent evidenced by the parties that a particular provision of the contract of sale [would] survive the delivery of the deed' " (*Bibbo*

*v 31-30, LLC*, 105 AD3d 791, 792 [2013], quoting *Ka Foon Lo v Curis*, 29 AD3d 525, 526 [2006]; *see Rojas v Paine*, 101 AD3d 843 [2012]; *Novelty Crystal Corp. v PSA Institutional Partners, L.P.*, 49 AD3d 113, 115 [2008]). The defendants/third-party plaintiffs' contention that they are entitled, pursuant to a rider to the mortgage, to an offset against the principal of the note for unpaid liens and violations is not a defense to foreclosure, but is properly raised before the referee in computing the amount due (*see Matter of American Tax Funding, LLC v Saita*, 107 AD3d 1134, 1135 [2013]; *1855 E. Tremont Corp. v Collado Holdings LLC*, 102 AD3d 567, 568 [2013]; *Johnson v Gaughan*, 128 AD2d 756, 757 [1987]).

The appeals from the two orders dated February 26, 2014, which both denied applications to sign orders to show cause, must be dismissed, as the orders are not appealable as of right, and we decline to grant leave to appeal (*see* CPLR 5701; *Matter of Mele v Rockland County Bd. of Elections*, 108 AD3d 633 [2013]; *cf.* CPLR 5704 [a]).

We decline Kelly's request to impose sanctions upon the defendants/third-party plaintiffs for prosecuting an allegedly frivolous appeal from the order dated February 14, 2013 (*see* 22 NYCRR 130-1.1). Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.