■ HILLWICK, INC., Appellant, v ADVANCED READY MIX SUPPLY CORP. et al., Defendants, and ADVANCED TRANSIT MIX CORP., Respondent. [19 NYS3d 442]—In an action, inter alia, to recover damages for breach of contract and on an account stated, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated January 9, 2015, which granted the motion of the defendant Advanced Transit Mix Corp. to vacate so much of a judgment of the same court dated October 15, 2014, as was in favor of the plaintiff and against it, upon its failure to appear or answer.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate a default in appearing or answering pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Deutsche Bank Natl. Trust Co. v Gutierrez*, 102 AD3d 825 [2013]; *Arias v First Presbyt. Church in Jamaica*, 100 AD3d 940, 941 [2012]; *Kouzios v Dery*, 57 AD3d 949, 949 [2008]). The affirmation submitted by the attorney representing the defendant Advanced Transit Mix Corp. (hereinafter the defendant), the affidavit of the defendant's president, and other evidence in the record, were sufficient to establish that the failure to serve a timely answer was not willful, but rather, was due to law office failure (*see* CPLR 2005; *Thompson v County of Suffolk*, 61 AD3d 962, 963 [2009]; *Whitfield v State of New York*, 28 AD3d 541, 542 [2006]; *Friedman v Crystal Ball Group, Inc.*, 28 AD3d 514, 515 [2006]; *Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432, 433 [2004]). Furthermore, the defendant demonstrated the existence of a potentially meritorious defense (*see Last Time Beverage Corp. v F & V Distrib. Co., LLC*, 98 AD3d 947, 950 [2012]; *John John, LLC v Exit 63 Dev., LLC*, 35 AD3d 540, 541-542

[2006]; *Rivera v Citgo Petroleum Corp.*, 181 AD2d 818, 819 [1992]). Accordingly, the Supreme Court providently exercised its discretion in granting the defendant's motion to vacate so much of the default judgment as was in favor of the plaintiff and against it. Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.