Jian Xu v Jin Kon Choi (2020 NY Slip Op 51125(U))

[*1]

Jian Xu v Jin Kon Choi

2020 NY Slip Op 51125(U) [69 Misc 3d 127(A)]

Decided on October 1, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, J.P., BRUCE E. TOLBERT, ELIZABETH H.
EMERSON, JJ

2018-839 W C

Jian Xu, Appellant, 
against
Jin Kon Choi, Respondent. 

Jian Xu, appellant pro se.
Jin Kon Choi, respondent pro se (no brief filed).

Appeal from a decision of the City Court of Mount Vernon, Westchester County (Adam
Seiden, J.), dated December 6, 2017, deemed from a judgment of that court entered December 6,
2017 (see CPLR 5512 [a]). The judgment, upon the decision, after a nonjury trial, dismissed
plaintiff's cause of action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $1,052.69,
representing the amount she had been charged for removing certain electrical violations in an
apartment plaintiff had purchased from defendant. Plaintiff alleged that defendant was
responsible for paying that amount because defendant had created the electrical violations and
thereby breached the contract of sale for the property.
In a small claims action, this court's review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and principles of
substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d
584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Where, as here, title to the property had closed and the deed had been delivered, "any claims
the plaintiff might have had arising from the contract of sale were extinguished by the doctrine of
merger unless there was a clear intent evidenced by the parties that a particular provision of the
contract of sale would survive the delivery of the deed" (Bibbo v 31-30, LLC, 105 AD3d
791, 792 [2013] [internal quotation marks, brackets and citation omitted]; see Rosner v
Bankers Std. Ins. Co., 172 AD3d 1257, 1259 [2019]; Josovich v Ceylan, 133 AD3d
570, 572 [2015]). Since the contract provision upon which plaintiff relies in asserting breach of
contract expressly states that it does not survive the closing, the City Court's judgment in favor of
[*2]defendant dismissing the action rendered substantial justice
between the parties in accordance with the rules and principles of substantive law (see
UCCA 1804, 1807).
Accordingly, the judgment is affirmed.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 1, 2020