Guzman v Ramos (2021 NY Slip Op 00547)





Guzman v Ramos


2021 NY Slip Op 00547


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-13107
2019-00419
 (Index No. 150973/16)

[*1]Marisol Guzman, appellant, 
v
Angelina Ramos, respondent.


Gabor & Marotta LLC, Staten Island, NY (Richard M. Gabor of counsel), for appellant.
Gyimesi & Wedinger, P.C., Nyack, NY (Laurel A. Wedinger of counsel), for respondent.



DECISION & ORDER
In an action for specific performance of a contract for the sale of real property and to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated October 4, 2018, and (2) an order of the same court dated November 20, 2018. The order dated October 4, 2018, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action for specific performance and to recover damages for unjust enrichment. The order dated November 20, 2018, insofar as appealed from, upon reargument, in effect, adhered to so much of the determination in the order dated October 4, 2018, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action for specific performance and to recover damages for unjust enrichment, and vacated so much of the determination in the order dated October 4, 2018, as, in effect, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract, and thereupon granted that branch of the motion.
ORDERED that the appeal from the order dated October 4, 2018, is dismissed, as that order was superseded by the order dated November 20, 2018, made upon reargument; and it is further,
ORDERED that the order dated November 20, 2018, is modified, on the law, by (1) deleting the provision thereof, upon reargument, in effect, adhering to so much of the determination in the order dated October 4, 2018, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action for specific performance, and substituting therefor a provision, upon reargument, vacating that portion of the order dated October 4, 2018, and thereupon denying that branch of the motion, and (2) deleting the provision thereof, upon reargument, vacating so much of the determination in the order dated October 4, 2018, as, in effect, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract, and substituting therefor a provision, upon reargument, adhering to so much of the determination in the order dated October 4, 2018, as, in effect, denied that branch of the motion; as so modified, the order dated November 20, 2018, is [*2]affirmed insofar as appealed from; and it is further,
ORDERED that the plaintiff is awarded one bill of costs.
In 2015, the plaintiff and her sister, the defendant, entered into a contract for the sale of the defendant's real property in Staten Island. The contract of sale contained a mortgage contingency clause which, as modified by a rider, gave both parties a limited right of cancellation in the event that the plaintiff was unable to secure financing. The plaintiff ultimately failed to obtain a mortgage within the time permitted under the contract, but she claimed that she found an alternative source of funds and no longer needed a mortgage. However, the parties did not close, and the defendant allegedly refused to sell the property unless the plaintiff paid an additional $50,000 over the agreed purchase price.
The plaintiff commenced this action for specific performance of the contract of sale and to recover damages for breach of contract and unjust enrichment based upon the defendant's alleged refusal to sell the property unless the plaintiff paid the additional funds. Thereafter, the defendant moved for summary judgment dismissing the complaint. In an order dated October 4, 2018, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action for specific performance and to recover damages for unjust enrichment, and, in effect, denied that branch of the defendant's motion which was for summary judgment dismissing the causes of action to recover damages for breach of contract. In an order dated November 20, 2018, the court, upon reargument, in effect, adhered to so much of the determination in the order dated October 4, 2018, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action for specific performance and to recover damages for unjust enrichment, and vacated so much of the determination in the order dated October 4, 2018, as in effect, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract, and thereupon granted that branch of the motion. The plaintiff appeals.
"'The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 893, quoting Canzona v Atanasio, 118 AD3d 837, 838 [internal quotation marks omitted]; see Giamundo v Cleveland Dunn 2nd, 157 AD3d 867, 868). "Consideration to support an agreement exists where there is 'either a benefit to the promisor or a detriment to the promisee'" (Hollander v Lipman, 65 AD3d 1086, 1087, quoting Weiner v McGraw-Hill, Inc., 57 NY2d 458, 464). "'It is enough that something is promised, done, forborne or suffered by the party to whom the promise is made as consideration for the promise made to him'" (Hollander v Lipman, 65 AD3d at 1087, quoting Hamer v Sidway, 124 NY 538, 545 [internal quotation marks omitted]). Moreover, "[u]nder the traditional principles of contract law, the parties to a contract are free to make their bargain, even if the consideration exchanged is grossly unequal or of dubious value" (Apfel v Prudential-Bache Sec., 81 NY2d 470, 475).
Here, the defendant contends that she was entitled to summary judgment dismissing the cause of action to recover damages for breach of contract because the plaintiff's down payment consisted of what the contract of sale referred to as a "GIFT OF EQUITY," and thus, the contract was unsupported by consideration. Contrary to the defendant's contention, the contract of sale was supported by consideration in the form of the parties' mutual promises to exchange the subject property for the purchase price at closing. Thus, the defendant failed to establish, prima facie, that the contract of sale was unenforceable for lack of consideration.
Further, the defendant failed to establish, prima facie, that the parties cancelled the contract of sale or that it expired on its own terms, since the contract of sale did not provide that it would automatically terminate in the event the plaintiff failed to obtain a mortgage. Rather, the contract provided both parties with a right to cancel the contract of sale by undertaking specified actions in the event certain conditions were met, and the defendant's evidence failed to demonstrate that either party validly exercised that right upon the plaintiff's inability to obtain a mortgage. [*3]Moreover, while the defendant established that she sent notification of her intent to cancel the contract of sale under a different provision, she failed to eliminate all triable issues of fact as to whether her exercise of that right years after execution of the contract, during the pendency of this action, was valid (see Gresser v Princi, 128 AD2d 752, 753).
As the defendant failed to establish, prima facie, her entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of contract, she was not entitled to summary judgment dismissing that cause of action, regardless of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 560).
Furthermore, the defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the cause of action for specific performance. "'Where, as here, a defendant seller is the party moving for summary judgment dismissing a cause of action for specific performance of a contract for the sale of real property, he or she has the burden of demonstrating the absence of a triable issue of fact regarding whether the plaintiff buyer was ready, willing, and able to close'" (Ornstein Leyton Realty, LLC v Central Islip Assoc., LLC, 165 AD3d 683, 685, quoting Point Holding, LLC v Crittenden, 119 AD3d 918, 919; see Islam v Destefano, 176 AD3d 1189, 1191). Here, the defendant proffered evidence indicating that the plaintiff was unable to obtain a mortgage within the time permitted under the contract of sale. However, the defendant also submitted the transcript of the plaintiff's deposition testimony, wherein she testified that she did not need a mortgage because she had obtained sufficient funding to close from an alternative source, and that she had communicated her desire to follow through with closing. Thus, the defendant failed to demonstrate the absence of a triable issue of fact as to whether the plaintiff was ready, willing, and able to purchase the subject property (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 533-534). Consequently, the defendant was not entitled to summary judgment dismissing the cause of action for specific performance.
Nevertheless, the Supreme Court, upon reargument, properly adhered to its original determination granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for unjust enrichment The unjust enrichment cause of action was duplicative of the breach of contract cause of action, "since those causes of action are based on the same facts and seek essentially identical damages" (Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d 681, 684; see Green Complex, Inc. v Smith, 107 AD3d 846, 849).
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court