Tzu Yen Cheung v Dolar Shop Rest. Group, LLC (2024 NY Slip Op 03905)

Tzu Yen Cheung v Dolar Shop Rest. Group, LLC

2024 NY Slip Op 03905

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2022-01905
 (Index No. 711713/21)

[*1]Tzu Yen Cheung, et al., appellants-respondents,
v
Dolar Shop Restaurant Group, LLC, respondent-appellant.

Lanin Law P.C., New York, NY (Scott L. Lanin of counsel), for appellants-respondents.
William G. Rospars, Jericho, NY, for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, and the defendant cross-appeals, from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated February 14, 2022. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the second through ninth causes of action. The order, insofar as cross-appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the second and seventh causes of action, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs.
In 2014, the plaintiff Yu Zhang and nonparty Shanghai F-Dolarshop Catering Management Co., Ltd. (hereinafter Shanghai), entered into a "Cooperation Agreement" (hereinafter the agreement) to form the defendant, Dolar Shop Restaurant Group, LLC, among other things, for the purpose of operating a restaurant. The agreement distributed equity interest in the defendant 51% to Shanghai and 49% to Zhang and provided that both parties would be "involved in the operation and management" of the business. Further, dividends were to paid based on the respective equity ratio and Shanghai was to provide Zhang with a monthly "cash register statement," "business report," "operating profit expense breakdown," and "costs statement." In an amendment to the agreement dated November 30, 2018, Zhang divided her interest between herself and the plaintiff Tzu Yen Cheung.
In 2021, the plaintiffs commenced this action, asserting nine causes of action. They alleged, inter alia, that the defendant breached the agreement by failing to distribute profits and to provide business records to the plaintiffs, and by "unjustly freez[ing] [p]laintiffs out of the business." Thereafter, the defendant made a pre-answer motion to dismiss the complaint pursuant to CPLR 3211(a). In an order dated February 14, 2022, the Supreme Court denied that branch of the defendant's motion which was to dismiss the first cause of action, alleging breach of contract, and [*2]granted those branches of the motion which were to dismiss the second through ninth causes of action. The plaintiffs appeal and the defendant cross-appeals.
With respect to the third cause of action, alleging breach of fiduciary duty, the Supreme Court correctly determined that the plaintiffs failed to plead the existence of a fiduciary relationship with sufficient particularity (see CPLR 3016[b]; Saul v Cahan, 153 AD3d 947, 949). While members and managers of an LLC owe a fiduciary duty to the LLC, the reverse is not necessarily true (see McKinnon Doxsee Agency, Inc. v Gallina, 187 AD3d 733, 736). Similarly, with respect to the sixth cause of action, seeking an accounting, the plaintiffs failed to plead sufficient "facts demonstrating the existence of a special, confidential or fiduciary relationship" (Giambrone v Arnone, Lowth, Wilson, Leibowitz, Adirano & Greco, 197 AD3d 459, 462).
With respect to the fourth cause of action, alleging minority member oppression, as the defendant correctly argued in the alternative (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546), that cause of action is duplicative of the breach of contract cause of action, since those causes of action are based on the same facts and seek essentially identical relief (see Guzman v Ramos, 191 AD3d 644, 648).
Moreover, the fifth and eighth causes of action are also duplicative of the breach of contract cause of action, and therefore were properly subject to dismissal (see id.; see also P.S. Fin., LLC v Eureka Woodworks, Inc., 214 AD3d 1, 30; KST2 Props., LLC v Pretee Constr. Co., Inc., 192 AD3d 785, 786).
The ninth cause of action is premised on the plaintiffs' speculation with respect to the defendant's past, present, and future actions in relation to certain federal loan proceeds, and therefore, as the defendant argued in the alternative (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d at 545-546), was properly subject to dismissal on that ground (cf. Matter of Edwards v Incorporated Vil. of Hempstead, 122 AD3d 627, 628).
However, to the extent that the existence of an enforceable contract against the defendant remains a matter of dispute, the Supreme Court erred in directing dismissal of the second cause of action, alleging unjust enrichment as an alternative theory of recovery to breach of contract (see F & R Goldfish Corp. v Furleiter, 210 AD3d 643, 646; see also Bedford-Carp Cosntr., Inc. v Brooklyn Union Gas Co., 219 AD3d 1293, 1295). Furthermore, to the extent that the plaintiffs pleaded that they had been improperly frozen out of their management rights in the operation of the underlying business, the seventh cause of action, seeking injunctive relief, was sufficiently stated to survive the defendant's motion to dismiss (see Elow Svenningsen, 58 AD3d 674, 675; cf. Hogue v Village of Dering Harbor, 199 AD3d 900, 903).
"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (JM UC Group, LLC v Precious Care Mgt., LLC, 221 AD3d 877, 879 [internal quotation marks omitted]). As relevant here, the Limited Liability Company Law allows "members to enter into an operating agreement wherein the members can agree to certain terms, conduct, and provisions for operating the business" (Garcia v Garcia, 187 AD3d 859, 861, citing Limited Liability Company Law § 417; see LNYC Loft, LLC v Hudson Opportunity Fund I, LLC, 154 AD3d 109, 114).
Contrary to the defendant's contentions, the first cause of action sufficiently alleges the elements of a breach of contract cause of action necessary to survive a motion to dismiss pursuant to CPLR 3211(a)(7) (see JM UC Group, LLC v Precious Care Mgt., LLC, 221 AD3d at 879). In other words, under the circumstances, the defendant failed to unequivocally demonstrate that the agreement was not enforceable against the defendant. Notably, the Limited Liability Company Law provides that "every member is an agent of the limited liability company for the purpose of its business" (Limited Liability Company Law § 412[a]), and, in this case, the agreement was signed by all of the then-existing members.
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, we modify the order so as to deny those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the second and seventh causes of action.
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court