New York Value Club, Ltd. v Nail & Beauty, LLC (2025 NY Slip Op 03580)

New York Value Club, Ltd. v Nail & Beauty, LLC

2025 NY Slip Op 03580

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-08426
 (Index No. 603241/22)

[*1]New York Value Club, Ltd., etc., appellant,
v
Nail & Beauty, LLC, respondent.

Presberg Law, P.C., Islandia, NY (Douglas S. Thaler of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered July 14, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the causes of action alleging breach of contract.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the causes of action alleging breach of contract is granted.
In March 2022, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. In particular, the plaintiff alleged, among other things, that it agreed, in two separate contracts, to purchase COVID-19 testing kits from the defendant. The plaintiff further alleged that it paid the full contract price for both of those orders and the defendant subsequently defaulted by failing to deliver the testing kits. Thereafter, the defendant allegedly failed to fully refund the contract price already paid by the plaintiff.
The plaintiff moved, inter alia, for summary judgment on the causes of action alleging breach of contract. In an order entered July 14, 2023, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
The elements of a breach of contract cause of action are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (Guzman v Ramos, 191 AD3d 644, 646 [internal quotation marks omitted]; see Morrow v Vibration Mountings & Controls, Inc., 223 AD3d 736, 737).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the causes of action alleging breach of contract. In opposition, the defendant failed to raise a triable of fact. Contrary to the Supreme Court's suggestion, the plaintiff had the right to recover so much of the contract price as had already been paid by the plaintiff to the defendant (see UCC 2-711; MMI Trading, Inc. v American Waste Mgt. & Recycling, LLC, 98 AD3d 604, 605). Furthermore, the plaintiff had no obligation to purchase cover, which is permissive and not mandatory (see UCC 2-712[3]; Mil-Spec Indus. Corp. v Expansion Indus., LLC, 201 AD3d 651, 656).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the causes of action alleging breach of contract.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court