Citimortgage, Inc. v Rooney (2025 NY Slip Op 05214)

Citimortgage, Inc. v Rooney

2025 NY Slip Op 05214

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-03025
2024-09873
 (Index No. 18584/13)

[*1]Citimortgage, Inc., respondent, 
v
Mark Rooney, et al., appellants, et al., defendants.

Christopher Thompson, West Islip, NY, for appellants.
David A. Gallo & Associates LLP, Manhasset, NY (Robert M. Link of counsel), for respondent.

DECISION & ORDER
On the Court's own motion, it is,
ORDERED that the decision and order of this Court dated August 13, 2025 (Citimortgage, Inc. v Rooney, _____ AD3d _____, 2025 NY Slip Op 04624 [2d Dept]), in the above entitled action is recalled and vacated, and the following decision and order is substituted therefor:
In an action to foreclose a mortgage, the defendants Mark Rooney and Danielle Rooney appeal from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 16, 2024, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered May 30, 2024. The order, insofar as appealed from, adjourned the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and directed the plaintiff to supplement the business records annexed to the affidavit relied upon by the referee. The order and judgment of foreclosure and sale, upon an order of the same court dated May 20, 2024, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated January 16, 2024, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the order dated May 20, 2024, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the defendants Mark Rooney and Danielle Rooney.
In July 2013, the plaintiff commenced this action against the defendants Mark Rooney and Danielle Rooney (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Patchogue (hereinafter the subject property). The defendants answered the complaint and interposed counterclaims.
In an order dated August 18, 2022, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants and for an order of reference.
In August 2023, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion.
In an order dated January 16, 2024, the Supreme Court found the business records annexed to the affidavit of merit and amount due of Lauren Benning (hereinafter the Benning affidavit), an employee of the subservicer, to be "insufficient evidence of the amounts due and owing . . . , as the amounts delineated and the breakdown of same cannot be determined from the records as provided." However, rather than deny the plaintiff's motion, the court adjourned the motion to permit the plaintiff to submit the business records upon which Benning relied regarding the amounts to be awarded to the plaintiff in the referee's report (hereinafter the supplemental business records). Upon the plaintiff's service of the supplemental business records upon the court and the defendants, defense counsel would be permitted to serve a reply, after which the motion would be marked fully submitted.
By order dated May 20, 2024, based upon the supplemental business records, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendants appeal from the order dated January 16, 2024, and the order and judgment of foreclosure and sale.
The appeal from the order dated January 16, 2024, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
Generally, a plaintiff cannot satisfy its burden of demonstrating proof of the facts constituting the claim and the amount due by submitting the business records upon which an affidavit was based for the first time after the submission of its reply papers (see JPMorgan Chase Bank, N.A. v Horsfield, 227 AD3d 790, 793-794). Under the circumstances here, however, the Supreme Court did not err in this regard, since the defendants were explicitly given the opportunity to submit a response to the plaintiff's additional submission and, thus, suffered no prejudice (see Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 778; Valure v Century 21 Grand, 35 AD3d 591, 592; cf. JPMorgan Chase Bank, N.A. v Horsfield, 227 AD3d 790).
Though the plaintiff is correct that the Benning affidavit provided a sufficient foundation for the admission of the business records submitted with the referee's report (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205), those business records themselves were insufficient to establish the amounts attested to in the Benning affidavit, as they did not include the payment history with a monthly accounting of the loan (see HSBC Mtge. Corp. USA v Tehrani, 229 AD3d 772, 777-778). That omission was corrected in the supplemental business records, but the supplemental business records were not identified by Benning "or otherwise incorporated into[ ] her affidavit. Rather, those records were attached as an exhibit to [a letter] of the plaintiff's attorney, and the attorney did not allege personal knowledge of the plaintiff's record-keeping practices and procedures" (Citimortgage, Inc. v Sultan, 230 AD3d 1292, 1294, citing Bank of N.Y. Mellon v Gordon, 171 AD3d at 210). Under these circumstances, the plaintiff failed to lay a proper foundation for the admission of the payment records into evidence, and the Benning affidavit regarding the amount due remained inadmissible hearsay (see Citimortgage, Inc. v Sultan, 230 AD3d [*2]1292; Bank of N.Y. Mellon v Gordon, 171 AD3d at 210). For this reason, the referee's findings were not substantially supported by the record (see U.S. Bank N.A. v Winnie Realty Group, LLC, 237 AD3d 871; Deutsche Bank Natl. Trust Co. v Quaranta, 231 AD3d 929, 931).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and the matter must be remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter (see U.S. Bank N.A. v Winnie Realty Group, LLC, 237 AD3d 871).
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court